# United States Bankruptcy Court
### District of Utah

In re    Romeo M Drawn-Binyon                                   Case No.   20-20103

Debtor(s)                       Chapter   7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, Debtor has agreed to accept............................................. | $ | 1500.00 |
| Prior to the filing of this statement I have received....................................... | $ | 0.00 |
| Balance Due ........................................................................................ | $ | 1500.00 |

2.    The source of the compensation paid to me was:

     ☐ Debtor      ☐ Other (specify):      ☒ Not Applicable

3.    The source of compensation to be paid to me is:

     ☒ Debtor      ☐ Other (specify):

4.    ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

     Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding. Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods. However, counsel does understand his obligations under the local rule and his requirement to withdraw in accordance with the local if such should be necessary.

7.    Debtor and counsel have entered into two, separate fee agreements:

a.     The first agreement was entered prior to the filing of the petition for the preparation and filing of the bankruptcy petition, statement about social security number, creditor list and other documents required at the time of filing; and review, analysis and advisement of the typical matters that are required to be performed prior to filing by a bankruptcy attorney under the applicable bankruptcy and ethical rules. Counsel's fees under the first agreement were $0.00, of which $0.00 was paid and the balance (if any) was waived by counsel.

b.     The second agreement was signed after the petition was filed for post-petition work to be performed, including the preparation of schedules of assets and liabilities, and statement of financial affairs; preparation and filing of other required documents; representation at the first meeting of creditors; and other services outlined in the fee agreement. Counsel's fees under the second agreement are $1500.00. The second agreement allows the Debtor(s) to pay these post-petition fees and costs in installments for up to 10 months following the bankruptcy filing.

8.    Counsel has a recourse line of credit from a third-party lender secured by (among other things) a collateral assignment of the accounts receivable of counsel, including amounts owed by Debtor(s) to counsel. Counsel's obligation to repay this indebtedness is not contingent upon receipt of payment from Debtor(s). Counsel may draw upon the line of credit based upon the value of accounts receivable, including the amount owed by Debtor(s) to counsel. The lender also provides payment management and processing services and will collect installment payments from Debtor(s) as well as any third-party guarantor (if applicable) on behalf of counsel. Lender will apply amounts paid by Debtor(s) against counsel's indebtedness to Lender. Counsel has fully informed Debtor(s) and obtained consent to the collateral assignment and to a limited sharing of information with lender concerning Debtor(s) to facilitate counsel's financing and lender's payment management and processing concerning Debtor(s).

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
## (Continuation Sheet)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: ___01/08/2020___

/s/ **Ted F. Stokes**
**Ted F. Stokes 14891**
**Stokes Law PLLC**
**2072 North Main Suite 102**
**North Logan, UT 84341**
**(435) 213-4771   Fax: (888) 443-1529**
**ted@stokeslawpllc.com**